FILED
JANUARY 24, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYRUS HARRIS, ) | |
| LaSHAWN HARRIS, ) | |
| WILIMENIA BLACKMON ) | |
| DARIUS HENRY, a minor, through ) | |
| his mother Plaintiff LaShawn Harris, ) | **08 C 541** |
| TYREE HARRIS, a minor, through ) | |
| his mother Plaintiff LaShawn Harris, ) | |
| JAVON HARRIS, a minor, through ) | **JUDGE COAR** |
| his mother Plaintiff LaShawn Harris, ) | **MAGISTRATE JUDGE NOLAN** |
| ) | |
| Plaintiffs, )    No. | |
| ) | |
| vs.             )    Judge | |
| )    Magistrate Judge | |
| ILLINOIS STATE POLICE, ) | |
| ILLINOIS DEPARTMENT ) | |
| OF CORRECTIONS, ) | |
| CLARENCE DUMAS, Star 12655, )   Jury Demand | |
| TODD DAMASKY, Star 3596, and ) | |
| Unknown Officers ) | |
| John Does and Jane Roes 1-10; ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff CYRUS HARRIS is a resident of Cook County. On the day of the incident, he lived at 14606 South Des Plaines, Harvey, Illinois, with his wife LASHAWN HARRIS, their minor children, Plaintiffs DARIUS HENRY, TYREE HARRIS and JAVON HARRIS, and Plaintiff WILIMENIA BLACKMON, the mother of Plaintiff LASHAWN HARRIS.

5.  DARIUS HENRY is the son of Plaintiff LASHAWN HARRIS. DARIUS was born on October 24, 1992. On the day of the incident, October 5, 2006, DARIUS was 13 years old.

6.  TYREE HARRIS is the son of Plaintiffs CYRUS and LASHAWN. TYREE was born on February 4, 1999. On the day of the incident, October 5, 2006, TYREE was 7 years old.

7.  JAVON HARRIS is the son of Plaintiffs CYRUS and LASHAWN. JAVON was born on February 5, 2002. On the day of the incident, October 5, 2006, JAVON was 4 years old.

8.  Defendant police officers are duly appointed and sworn. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

9.  The Defendant-Officers are sued in their individual capacities.

**Facts**

10. On October 5, 2006, at about 6:00 a.m., Plaintiff CYRUS HARRIS was in his home sleeping with his wife, Plaintiff LASHAWN HARRIS. Also in the home sleeping were DARIUS, TYREE and JAVON, WILIMENIA BLACKMON, and Darlene (a family friend).

11. Numerous Defendant-Officers, including about two Illinois Department of Corrections officers along with about six Illinois State Police officers, went to Plaintiffs' home– allegedly to check on CYRUS HARRIS who was on parole.

12. Defendant-Officers entered Plaintiffs' home.

13. Defendant-Officers did not have a search warrant or any other legal justification to enter Plaintiffs' home.

14. Defendant-Officers entered Plaintiffs' home with their guns drawn and pointed at Plaintiffs.

15. CYRUS was placed in handcuffs.

16. The children were ordered to the floor.

17. There was not reasonable suspicion or any other legal justification for the seizure of Plaintiffs.

18. Defendant-Officers searched CYRUS's person.

19. Defendant-Officers searched LASHAWN's person.

20. Defendant-Officers thoroughly searched Plaintiffs' home.

21. Defendant-Officers did not have a search warrant, probable cause, exigent

circumstances, or any other legal justification to search Plaintiffs' home.

22. During the search, Defendant-Officers told LASHAWN that they would take her children if she did not tell them where they could find a gun or drugs.

23. During the search, Defendant-Officers discovered about $2,500.00 in United States currency.

24. Without probable cause or any legal justification, Defendant-Officers seized this money.

25. Defendant-Officers only inventoried $1,730.00 of the $2,500.00 that they seized. The remainder was converted.

26. During the search, a diamond ring was seized by one more of the Defendant-Officers. Plaintiffs were not given a receipt, and the ring has not been returned.

27. Defendant-Officers claim that they recovered bullets during the search.

28. Defendant-Officers searched Plaintiff CYRUS's car without probable cause or any legal justification.

29. After thoroughly searching Plaintiffs' home themselves, Defendant-Officers then searched the home again with dogs.

30. Defendant-Officers arrested CYRUS and charged him with unlawful use of a weapon by a felon. Plaintiff was taken to the Riverdale police station.

31. At the station, a Defendant-Officer repeatedly told CYRUS that he was going to prison for 15 years.

32. At the station, Defendant-Officers asked CYRUS about a police murder. CYRUS said that he did not know anything about it. Defendant-Officers told CYRUS that if he gave the officers information about the police murder, they could possibly make the bullets disappear.

33. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

34. As a direct and proximate result of the acts of the Defendants described above, Plaintiffs have suffered and continue to suffer damages including loss of physical liberty, emotional distress, pain and suffering, and other damages including missing property.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

35. Plaintiffs reallege paragraphs 1 through 34 as if fully set forth herein.

36. After the Defendant-Officers illegally entered Plaintiffs' home without a search warrant or any other legal justification, all Plaintiffs were seized at gunpoint and not free to leave.

37. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiffs were about to commit a crime, or had committed a crime.

38. The actions of Defendant-Officers in seizing Plaintiffs without any legal justification or probable cause, violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

39. Plaintiffs reallege paragraphs 1 through 34 as if fully set forth herein.

40. Defendant-Officers entered Plaintiffs' home with their guns pointed at Plaintiffs.

41. The Defendant-Officers violated Plaintiffs' Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
**(42 U.S.C. § 1983 – Illegal Search of Person)**

42. Plaintiffs CYRUS HARRIS and LASHAWN HARRIS reallege paragraphs 1 through 34 as if fully set forth herein.

43. The actions of Defendant-Officers in searching Plaintiff CYRUS HARRIS and LASHAWN HARRIS's person without any legal justification or probable cause violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
**(42 U.S.C. § 1983 – Illegal Search of Home)**

44. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

45. The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiffs' home.

46. The actions of Defendant-Officers in searching Plaintiffs' home without any legal justification violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
**(42 U.S.C. § 1983 – Illegal Search of Vehicle)**

47. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

48. The actions of Defendant-Officers in searching Plaintiff CYRUS HARRIS's vehicle without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (42 U.S.C. § 1983 – Illegal Seizure of Property)

49. Plaintiffs reallege paragraphs 1 through 34 as if fully set forth herein.

50. Defendant-Officers seized about $2,500.00 in United States currency during the search of Plaintiffs' home. They only inventoried $1,730.00, and converted the remainder.

51. Defendant-Officers seized a diamond ring during the search of Plaintiffs' home. A receipt was not given, and the ring has never been returned.

52. The actions of Defendant-Officers violated the Fourth Amendment's prohibition against unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VII
### (42 U.S.C. § 1983 – *Monell* Claim)

53. Plaintiffs reallege all of the above paragraphs and counts, as if fully set forth herein.

54. At all times material to this Complaint, there existed a practice, policy and custom of searching the person, home, and vehicle of parolees without legal justification.

55. The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, said policies.

56. The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the policy-makers of the ILLINOIS STATE POLICE and the ILLINOIS DEPARTMENT OF CORRECTIONS.

57. The policy-makers acted with deliberate indifference in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendants ILLINOIS STATE POLICE and ILLINOIS DEPARTMENT OF CORRECTIONS;

b) Award compensatory damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

58. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

59. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendants ILLINOIS STATE POLICE and ILLINOIS DEPARTMENT OF CORRECTIONS are liable for any judgments in this case arising from the actions of their Defendant-Officers.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendants ILLINOIS STATE POLICE and ILLINOIS DEPARTMENT OF CORRECTIONS to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiffs demand trial by jury**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595