IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYRUS HARRIS, et;al., ) | |
| ) | No.   08 C 541 |
| Plaintiffs, ) | |
| ) | Honorable David H. Coar |
| ) | Magistrate Judge Nolan |
| ) | |
| ILLINOIS STATE POLICE, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS</u>**

Now comes the defendants, Todd Damaski (Damaski"), Clarence Dumas ("Dumas") Illinois State Police ("ISP") and Illinois Department of Corrections ("IDOC"), by and through their attorney, LISA MADIGAN, Illinois Attorney General, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss part of the plaintiffs' complaint for failure to state a claim upon which relief can be granted.  In support of this Motion, Defendants state the following:

INTRODUCTION

Plaintiffs Cyrus Harris, his wife, their children, and Harris' mother-in-law seek damages against defendants for purportedly violating their civil rights under the Fourth and Fourteenth Amendments.  Specifically, Plaintiffs allege that several officers from ISP and IDOC came to Harris' home to presumably check on a parolee without justification and improperly searched the home and its occupants on October 5, 2006 (Complaint, Par. 10-20).

Plaintiffs have filed an eight-count complaint pursuant to 42 U.S.C. § 1983 and state law. Counts I through VI purport to allege claims against defendants Damaski, Dumas, and other

unnamed officers in their individual capacities for Unreasonable Seizure (Count I); Excessive Force (Count II); Illegal Search of Person, Home, and Vehicle (Counts III though V, respectively); and Illegal Seizure of Property (Count VI). Plaintiffs also seek monetary relief from the Illinois State Police and Illinois Department of Corrections, under a *Monell* claim (Count VII) and a claim for Indemnification pursuant to 745 ILCS 10/9-102 (Count VIII).

## STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the factual sufficiency. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7th Cir.2001); see also *Cler v. Illinois Educ. Association*, 423 F.3d 726, 729 (7th Cir.2005) (motion to dismiss challenges complaint's sufficiency).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (citation omitted). This requirement impose[s] two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'... Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court. *Id*. (citations omitted); see also *Killingsworth v. HSBC Bank Nev., N.A., No. 06-1616*, 2007 WL 3307084, at *3 (7th Cir. Nov.9, 2007) (the "plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do..." (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *McCready v. EBay, Inc.*, 453 F.3d 882, 887 (7th Cir.2006); *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir.2005). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 656 (7th Cir.2006); *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir.2005); *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir.2002). If the complaint fails to allege an element necessary to obtain relief, dismissal is appropriate. *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 281 (7th Cir.1989).

On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). For purposes of this motion to dismiss only, plaintiff's well-pleaded allegations are taken as true and are cited to accordingly.

ARGUMENT

**I.    PLAINTIFFS MAY NOT BRING A CLAIM FOR INDEMNIFICATION**

This Court should dismiss Count VIII because it does not apply to state agencies. The Legislature in the Local Governmental and Governmental Tort Immunity Act, on which the plaintiffs rely, defines "local public entity" so as to specifically exclude the State and its agencies. The Tort Immunity Act applies to only "local public entities and public employees" (745 ILCS 10/1-101.1 (West 2006)) and not "the State or any office, officer, department, division, bureau,

board, commission, university or similar agency of the State" (745 ILCS 10/1-206 (West 2006)).

## II. PLAINTIFFS MAY NOT ASSERT A MONELL CLAIM AGAINST THE STATE OF ILLINOIS AND STATE AGENCIES.

This Court should dismiss Count VII of the Complaint because Plaintiffs may not sue a state agency for damages. A suit against a government officer in his official capacity is actually a suit against the government entity for which the officer works. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). State agencies are treated the same as states. *See Alabama v. Pugh,* 438 U.S. at 781, 781-82 (1978); *Kroll v. Bd. of Trustees of the University of Illinois,* 934 F.2d 904, 907 (7th Cir. 1991) *(citing Gleason v. Board of Educ.,* 792 F.2d 76, 79 (7th Cir.1986)). Indeed, a state agency *is* the state for purposes of the eleventh amendment. *Id*; *Davidson v. Board of Governors.,* 920 F.2d 441, 442 (7th Cir.1990)). It is quite clear that the Eleventh Amendment bars claims brought under 42 U.S.C. §1983 against a state official sued in his official capacity for damages. *Quern v. Jordan*, 440 U.S. 332 (1979); *Kentucky v. Graham*, 473 U.S. 159 (1985). Further, the U.S. Supreme Court's holding in *Monell* was "limited to local government units which are not considered part of the State for Eleventh Amendment purposes." *Quern v. Jordan*, 440 U.S. 332, 338 (1979) (citing *Monell* 436 U.S. 658, 690 n. 54. (1978)). See *Will v. Dept. of Michigan State Police*, 491 U.S. 58, 70 (1989) (States are protected by the Eleventh Amendment while municipalities are not); *Franklin v. Zaruba*, 150 F.3d 682, 684, n. 2 (7th Cir. 1998). Therefore, this claim is barred by the Eleventh Amendment.

## III. PLAINTIFFS MAY NOT SUE FOR ILLEGAL SEIZURE OF PROPERTY

This Court should dismiss Count VI because Plaintiffs are seeking to recover property pursuant to Section 1983. In *Parratt v. Taylor,* 451 U.S. 527, 542, 101 S.Ct. 1908 (1981), the United States Supreme Court recognized "an important difference between a challenge to an established

state procedure as lacking in due process and a property damage claim arising out of the misconduct of state officers." (Internal citation omitted). Specifically, the Court held, "the existence of an adequate state remedy to redress property damage inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property without due process of law" under the Fourteenth Amendment or § 1983. *Id.* Illinois law provides actions for replevin and conversion that are sufficient to redress Plaintiffs' claim regarding their money. *See Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir.2002) (Illinois cause of action for replevin provides adequate postdeprivation remedy); *Stewart v. McGinnis*, 5 F.3d 1031, 1035-37 (7th Cir.1993) (tort claim may be filed in the Illinois Court of Claims in regard to destruction of property); *Greco v. Guss*, 775 F.2d 161, 169 (7th Cir.1985) (Illinois cause of action for conversion provides adequate postdeprivation remedy). Plaintiffs have state remedies available to address their claims that the defendant officers deprived them of property; therefore, Count VI should be dismissed.

WHEREFORE, based on the foregoing, Defendants request that this Honorable Court grant their motion and dismiss Counts VI, VII and VIII of the complaint, along with Defendants ISP and IDOC, with prejudice.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

  s/Shirley R. Calloway
SHIRLEY R. CALLOWAY
Assistant Attorney General
Office of the Attorney General
100 W. Randolph Str., 13th Floor
Chicago, Illinois  60601
(312) 814-5581