UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYRUS HARRIS, et al., | ) |
| Plaintiffs, | ) No. 08 C 541 |
| vs. | ) Judge Coar |
| | ) Magistrate Judge Nolan |
| ILLINOIS STATE POLICE, et al., | ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE *INSTANTER*
THE ATTACHED FIRST AMENDED COMPLAINT**

Plaintiffs, through counsel, Law Offices of Lawrence V. Jackowiak, respectfully request that this Honorable Court grant them leave to file *instanter* the attached First Amended Complaint. In support thereof, Plaintiffs states as follows:

1. Plaintiffs filed the initial Complaint on January 24, 2008.

2. On March 18, 2008, Defendants Illinois State Police, Illinois Department of Corrections, Todd Damaski, and Clarence Dumas filed a motion to dismiss Counts VI (Illegal Seizure of Property), VII (Monell), and VIII (Indemnification) of Plaintiffs' Complaint.

3. Based upon the Defendants' motion and further research and investigation, Plaintiff has prepared the attached First Amended Complaint.

4. Plaintiffs agree with the Defendants' argument that Plaintiffs' Complaint does not state a Monell claim or a claim for indemnification. The First Amended Complaint therefore does not allege these claims.

5. In their motion to dismiss, Defendants also attempt to argue that Plaintiffs do not state a claim for unreasonable seizure of property. Plaintiffs' unreasonable seizure claim alleges that Defendant-Officers seized money and jewelry during the execution of the search at issue without any legal justification.

6. Such conduct goes to the heart of the Fourth Amendment, which in relevant part, provides that:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated.

7.      In their motion to dismiss, citing inapposite caselaw, Defendants argue that because the Plaintiffs could make a common law claim for the seizure of their property, they cannot make a § 1983 claim. (See Defendants' Memorandum In Support of Motion to Dismiss at pp. 4-5).

8.      It is well settled that a violation of the Fourth Amendment by a state actor constitutes a valid claim under § 1983. Moreover, an unreasonable seizure of property is a violation of the Fourth Amendment. See, e.g., Soldal v. Cook County, Ill., 506 U.S. 56, 62-63, 116 S.Ct. 538, 544 (1992) (quoting U.S. v. Jacobsen, 466 U.S. 109, 113 (1984)) (stating that a seizure occurs when "there is some meaningful interference with an individual's possessory interests in ... property"). Caldarola v. County of Westchester, 343 F.3d 570, 574 (2nd Cir. 2003); Wade v. Montgomery, 1997 WL 112835 at *2 (N.D.Ill. 1997) (Conlon, J.).

9.      If Defendants continue to argue that Plaintiffs' unreasonable seizure claim should be dismissed, Plaintiffs will then file an appropriate response.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant them leave to file the attached First Amended Complaint.

                                            Respectfully submitted,

                                            /s/ Lawrence V. Jackowiak
                                            *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois  60602
(312) 795-9595