IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYRUS HARRIS, et. al., ) | |
| ) | No.    08 C 541 |
| Plaintiffs, ) | |
| ) | Honorable David H. Coar |
| ) | Magistrate Judge Nolan |
| ) | |
| CLARENCE DUMAS, Star 12655 et al., ) | |
| ) | |
| Defendants. ) | |

**DAMASKI and DUMAS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME the defendants, Todd Damaski (Damaski"), Clarence Dumas ("Dumas") by and through their attorney LISA MADIGAN, Attorney General of the State of Illinois, and for their Answer to Plaintiff's First Amended Complaint state the following:

1. This is an action for money damages brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants admit the allegations in Paragraph 1 but deny that Plaintiffs are entitled to any relief.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§1331 and 1343(a).

**ANSWER:** Defendants admit the allegations in Paragraph 2.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendants admit the allegations in Paragraph 3.

## PARTIES

4. Plaintiff CYRUS HARRIS is a resident of Cook County.  On the day of the incident, he lived at 14606 South Des Plaines, Harvey, Illinois, with his wife LASHAWN

HARRIS, their minor children, Plaintiffs DARIUS HENRY, TYREE HARRIS and JAVON HARRIS, and Plaintiff WILIMENIA BLACKMON, the mother of Plaintiff LASHAWN HARRIS.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. DARIUS HENRY is the son of Plaintiff LASHAWN HARRIS, DARIUS was born on October 24, 1992. On the day of the incident, October 5, 2006, DARIUS was 13 years old.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. TYREE HARRIS is the son of Plaintiffs CYRUS and LASHAWN. TYREE was born February 4, 1999. On the day of the incident, October 5, 2006, TYREE was 7 years old.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. JAVON HARRIS is the son of Plaintiffs CYRUS and LASHAWN. JAVON was born on February 5, 2002. On the day of the incident, October 5, 2006. JAVON was 4 years old.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Defendant police officers are duly appointed and sworn. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations in Paragraph 8.

9. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations in Paragraph 9.

## FACTS

10. On October 5, 2006, at about 6:00 a.m., Plaintiff CYRUS HARRIS was in his

home sleeping with his wife, Plaintiff LASHAWN HARRIS. Also in the home sleeping were DARIUS, TYREE and JAVON, WILIM ENIA BLACKMON, and Darlene (a family friend).

**ANSWER:** Defendants admit that Cyrus Harris was present at home on October 5, 2006. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

11. Numerous Defendant-Officers, including about two Illinois Department of Corrections officers along with about six Illinois State Police officers, went to Plaintiffs' home- allegedly to check on CYRUS HARRIS who was on parole.

**ANSWER:** Defendants admit that Cyrus Harris was on parole. Defendant Damaski denies the remaining allegations. Defendant Dumas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12. Defendant-Officers entered Plaintiffs' home.

**ANSWER:** Defendant Damaski denies the allegations of Paragraph 12. Defendant Dumas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Defendant-Officers did not have a search warrant or any other legal justification to enter Plaintiffs' home.

**ANSWER:** Defendants deny the allegations of Paragraph 13.

14. Defendant-Officers entered Plaintiffs' home with their guns drawn and pointed at Plaintiffs.

**ANSWER:** Defendants deny the allegations of Paragraph 14.

15. CYRUS was placed in handcuffs.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     The children were ordered to the floor.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     There was not reasonable suspicion or any other legal justification for the seizure of Plaintiffs.

**ANSWER:**     Defendants deny the allegations of Paragraph 17.

18.     Defendant-Officers searched CYRUS's person.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     Defendant-Officers searched LASHAWN's person.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

20.     Defendant-Officers thoroughly searched Plaintiffs' home.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.     Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiffs' home.

**ANSWER:**     Defendants deny the allegations of Paragraph 21.

22.     During the search, Defendant-Officers told LASHAWN that they would take her children if she did not tell them where they could find a gun or drugs.

**ANSWER:**     Defendants deny the allegations of Paragraph 22.

23.     During the search, Defendant-Officers discovered about $2,500.00 in United States currency.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Without probable cause or any legal justification, Defendant-Officers seized this money.

**ANSWER:** Defendants deny the allegations of Paragraph 24.

25. Defendant-Officers only inventoried $1,730.00 of the $2,500.00 that they seized. The remainder was converted.

**ANSWER:** Defendants deny the allegations of Paragraph 25.

26. During the search, a diamond ring was seized by one more of the Defendant-Officers. Plaintiffs were not given a receipt, and the ring has not been returned.

**ANSWER:** Defendants deny the allegations of Paragraph 26.

27. Defendant-Officers claim that they recovered bullets during the search.

**ANSWER:** Defendants admit the allegations in Paragraph 27.

28. Defendant-Officers searched Plaintiff CYRUS's car without probable cause or any legal justification.

**ANSWER:** Defendants deny the allegations of Paragraph 28.

29. After thoroughly searching Plaintiffs' home themselves, Defendant-Officers then searched the home again with dogs.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Defendant-Officer arrested CYRUS and charged him with unlawful use of a weapon by a felon. Plaintiff was taken to the Riverdale police station.

**ANSWER:** Defendants admit that Cyrus Harris was taken to the Riverdale Police station. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30.

31. At the station, a Defendant-Officer repeatedly told CYRUS that he was going to prison for 15 years.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. At the station, Defendant-Officer asked CYRUS about a police murder. CYRUS said that he did not know anything about it. Defendant-Officers told CYRUS that if he gave the officers information about the police murder, they could possibly make the bullets disappear.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

**ANSWER:** Defendants deny the allegations of Paragraph 33.

34. As a direct and proximate result of the acts of the Defendants described above, Plaintiffs have suffered and continue to suffer damages including loss of physical liberty, emotional distress, pain and suffering, and other damages including missing property.

**ANSWER:** Defendants deny the allegations of Paragraph 34.

## COUNT I

### (42 U.S.C. §1983 - Unreasonable Seizure)

35. Plaintiffs reallege paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:** Defendants hereby incorporate as their answer to Paragraph 35 their answers to paragraphs 1 through 34 as if set out in their entirety herein.

36. After the Defendant-Officers illegally entered Plaintiffs' home without a search warrant or any other legal justification, all Plaintiffs were seized at gunpoint and not free to leave.

**ANSWER:** Defendants deny the allegations of Paragraph 36.

37. Defendant-Officers were not aware of specific and articulable facts which

suggested that Plaintiffs were about to commit a crime, or had committed a crime.

**ANSWER:**   Defendants deny the allegations of Paragraph 37.

      38.   The actions of Defendant-Officers in seizing Plaintiffs without any legal justification or probable cause, violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

      WHEREFORE, Plaintiffs ask that this Honorable Court:

- a) Enter judgment against Defendant-Officers;
- b) Award compensatory and punitive damages, as determined at trial;
- c) Award attorneys' fees and costs;
- d) Award such other and additional relief that this Honorable Court deems just and equitable.

**ANSWER:**   Defendants deny the allegations in Paragraph 38, and deny that Plaintiffs are entitled to any relief whatsoever.

## COUNT II

### (42 U.S.C. §1983 - Excessive Force)

      39.   Plaintiffs reallege paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:**   Defendants hereby incorporate as their answer to Paragraph 39 their answers to paragraphs 1 through 34 as if set out in their entirety herein.

      40.   Defendant-Officers entered Plaintiffs' home with their guns pointed at Plaintiffs.

**ANSWER:**   Defendants deny the allegations of Paragraph 40.

      41.   The Defendant-Officers violated Plaintiffs' Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

      WHEREFORE, Plaintiffs ask that this Honorable Court:

- a) Enter judgment against Defendant-Officers;
- b) Award compensatory and punitive damages, as determined at trial;
- c) Award attorneys' fees and costs;

    d)    Award such other and additional relief that this Honorable Court deems just and equitable.

**ANSWER:** Defendants deny the allegations in Paragraph 41 and deny that Plaintiffs are entitled to any relief whatsoever.

## COUNT III

### (42 U.S.C. §1983 - Illegal Search of Person)

42. Plaintiffs CYRUS HARRIS and LASHAWN HARRIS realleges paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:** Defendants hereby incorporate as their answer to Paragraph 42 their answers to paragraphs 1 through 34 as if set out in their entirety herein.

43. The actions of Defendant-Officers in searching Plaintiff CYRUS HARRIS and LASHAWN HARRIS's person without any legal justification or probable cause violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

    WHEREFORE, Plaintiffs ask that this Honorable Court:

    a)    Enter judgment against Defendant-Officers;
    b)    Award compensatory and punitive damages, as determined at trial;
    c)    Award attorneys' fees anc costs;
    d)    Award such other and additional relief that this Honorable Court deems just and equitable.

**ANSWER:** Defendants deny the allegations in Paragraph 43 and deny that Plaintiffs are entitled to any relief whatsoever.

## COUNT IV

### (42 U.S.C. §1983 - Illegal Search of Homes)

44. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:** Defendants hereby incorporate as their answer to Paragraph 44 their answers to

paragraphs 1 through 34 as if set out in their entirety herein.

    45.    The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiffs' home.

**ANSWER:** Defendants deny the allegations of Paragraph 45.

    46.    The actions of Defendant-Officers in searching Plaintiffs' home without any legal justification violated their Fourteenth Amendment, to be free from unreasonable searches.

    WHEREFORE, Plaintiffs ask that this Honorable Court:

    a)    Enter judgment against Defendant-Officers;
    b)    Award compensatory and punitive damages, as determined at trial;
    c)    Award attorneys' fees and costs;
    d)    Award such other and additional relief that this Honorable Court deems just and equitable.

**ANSWER:** Defendants deny the allegations in Paragraph 46 and deny that Plaintiffs are entitled to any relief whatsoever.

## COUNT V

### (42 U.S.C. §1983 - Illegal Search of Vehicle)

    47.    Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:** Defendants hereby incorporate as their answer to Paragraph 47 their answers to paragraphs 1 through 34 as if set out in their entirety herein.

    48.    The actions of Defendant-Officers in searching Plaintiff CYRUS HARRIS's vehicle without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

    WHEREFORE, Plaintiffs ask that this Honorable Court:

    a)    Enter judgment against Defendant-Officers;
    b)    Award compensatory and punitive damages, as determined at trial;
    c)    Award attorneys' fees and costs;
    d)    Award such other and additional relief that this Honorable Court deems just and equitable.

**ANSWER:**　Defendants deny the allegations in Paragraph 48 and deny that Plaintiffs are entitled to any relief whatsoever.

## COUNT VI

### (42 U.S.C. §1983 - Illegal Seizure of Property)

49.　Plaintiffs reallege paragraphs 1 through 34 as if fully set forth herein.

**ANSWER:**　Defendants hereby incorporate as their answer to Paragraph 49 their answers to paragraphs 1 through 34 as if set out in their entirety herein.

50.　Defendant-Officers seized about $2,500.00 in United States currency during the search of Plaintiffs' home. They only inventoried $1,730.00, and converted the remainder.

**ANSWER:**　Defendants admit that $1,730.00 was inventoried, and deny the remaining allegations of Paragraph 50.

51.　During the search, a diamond ring was seized by one more of the Defendant-Officers. Plaintiffs were not given a receipt, and the ring has not been returned.

**ANSWER:**　Defendants deny the allegations of Paragraph 51.

52.　The actions of Defendant-Officers violated their Fourteenth Amendment's prohibition against unreasonable seizures.

　　WHEREFORE, Plaintiffs ask that this Honorable Court:

　　a)　Enter judgment against Defendant-Officers;
　　b)　Award compensatory and punitive damages, as determined at trial;
　　c)　Award attorneys' fees and costs;
　　d)　Award such other and additional relief that this Honorable Court deems just and equitable.

**ANSWER:**　Defendants deny the allegations in Paragraph 52 and deny that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Defendants are entitled to absolute immunity.

2. Defendants are entitled to qualified immunity.

3. Defendants lack the requisite personal involvement.

4. Plaintiffs lack federal jurisdiction for Count VI, which only amounts to a conversion claim under Illinois state law.

5. As a parolee, Plaintiff Cyrus Harris' reasonable expectation of privacy was significantly limited.

6. Plaintiff Cyrus Harris consented to any search performed on October 5, 2006.

## JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois     By:   *s/Shirley R. Calloway*
                                       SHIRLEY R. CALLOWAY
                                       Assistant Attorney General
                                       General Law Bureau
                                       100 W. Randolph St., 13th Fl.
                                       Chicago, Illinois 60601
                                       (312) 814-5581